**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Megan Scott, Appellant,

v.

Estate Of Jonathan Bruner, Respondent.

Appellate Case No. 2023-001043

———————

Appeal From Charleston County
George M. McFaddin, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-335
Submitted June 1, 2026 – Filed July 1, 2026

———————

**REVERSED**

———————

Jason Scott Stevens, of Jason S. Stevens, LLC and Jesse
Sanchez, of The Law Office of Jesse Sanchez, LLC, both
of Mount Pleasant, for Appellant.

Edward "Ted" Regin Corvey, III, of Corvey Law Firm,
LLC, of Charleston, for Respondent.

———————

**PER CURIAM:**  Megan Scott appeals the circuit court's order affirming a
magistrate court's determination as to the ownership and possession of a pet
Goldendoodle named Evie.  Scott argues the magistrate and circuit courts erred in
concluding (1) a veterinary intake form (the Form) completed by Jonathan Bruner

(Decedent) was inadmissible hearsay and (2) no evidence supported a finding that Decedent gifted or transferred co-ownership of Evie to Scott.[1]  We reverse.

1.  As to issue one, both the magistrate and the circuit court erred in deeming the Form inadmissible.  The veterinary practice manager testified before the magistrate that this intake Form is used in the ordinary course of business for all new patients.  Thus, the Form is admissible under the business records exception to the hearsay rule.  *See* Rule 803(6), SCRE (providing a record, in any form, is not excluded by the hearsay rule if (1) made at or near the time of the event recorded; (2) prepared by someone with or from information transmitted by a person with knowledge; (3) made and kept in the course of a regularly conducted business activity; (4) identified by the custodian or a qualified witness who can testify regarding the mode of preparation of the record; and (5) found to be trustworthy by the court); *Turner v. Thomas*, 431 S.C. 527, 544, 848 S.E.2d 353, 362 (Ct. App. 2020) ("Hearsay is an out-of-court statement offered in court to prove the truth of the matter asserted."); *Wilson v. Childs*, 315 S.C. 431, 439, 434 S.E.2d 286, 291 (Ct. App. 1993) ("[H]earsay within hearsay, or 'double hearsay,' is excluded unless *each* part of the combined statement falls within an exception to the hearsay rule." (emphasis added)).

Decedent's two separate statements on the Form as to Scott's co-ownership are likewise admissible as statements against the unavailable declarant's pecuniary or proprietary interest.  *See* Rule 804(a)(4), SCRE (stating a declarant is considered "unavailable" when he "is unable to be present or to testify at the hearing because of death or then existing physical or mental illness or infirmity"); Rule 804(b)(3), SCRE (providing "[t]he following are not excluded by the hearsay rule if the declarant is unavailable as a witness: . . . (3) Statement Against Interest.  A

---

[1] Decedent died intestate on May 5, 2022, and his father, Gary Bruner, was named personal representative of his estate.  After Scott assisted Bruner with gathering Decedent's property, Bruner demanded possession of Evie.  Bruner, who is a resident of Las Vegas, had never lived with, cared for, nor met the couple's pet before his son's death.  When Scott refused to allow Bruner to take Evie, Bruner filed an action for claim and delivery in the Charleston County magistrate's court.  Scott appealed the circuit court's affirmance of the magistrate's order transferring possession of Evie to Bruner, and this court granted her motion for an emergency stay of any transfer.  We further ordered Scott to notify the court that a prior $3000 bond remained in place or to provide proof within thirty days that an equivalent bond or surety had been obtained.  That same day, Scott provided a "Confirmation of Bond Renewal in the amount of $3000."

statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest . . . that a reasonable person in the declarant's position would not have made the statement unless believing it to be true.").

Decedent made two relevant statements on this business record, and both statements were against his pecuniary or proprietary interest as to the property at issue—the pet Goldendoodle. On this Form bearing his signature, Decedent referenced the couple's co-ownership twice. First, in the space for "Co-owner Name," he handwrote, "Megan Scott." Then, a few lines down, the Form asks, "Please list the individuals whom you authorize to make medical decisions for your pets." In this space, Decedent separately handwrote, "Owners" (plural).

Unfortunately, at the Webex hearing before the circuit court, Bruner misstated the contents of the Form, asserting the veterinary practice manager testified that the Form was a standard, "pre-populated" document for new patients. Bruner argued, "there was no selection for Mr. Scott [sic] to select co-owner or authorized, you know, participant for vet visits for Evie" and "it's not as if there was a selection that he made identifying her as the co-owner at that point."

Although there is no transcript of the proceeding before the magistrate, the face of the Form establishes that Bruner's characterization of its contents at the circuit court's virtual hearing was inaccurate. This was not a "pre-populated form," and the Form indeed made *two* separate and distinct inquiries of the declarant: one seeking the identification of any co-owner, and another identifying any individuals authorized to make medical decisions for the pet.

Bruner further argued to the circuit court that the magistrate's finding of authorization only "is specifically noted in the amended order from the magistrate court," and it appears that the circuit court accepted this argument. However, Decedent easily could have left the "Co-Owner" space blank and merely listed Scott as an authorized individual. He did not. Thus, the magistrate erred in making the unsupported "authorization only" factual finding, and Bruner's later argument led the circuit court to affirm the magistrate's factual mistake. *See State v. Simmons*, 423 S.C. 552, 561, 816 S.E.2d 566, 571 (2018) ("The admission or exclusion of evidence is a matter addressed to the sound discretion of the trial court and its ruling will not be disturbed in the absence of a manifest abuse of discretion accompanied by probable prejudice."); *S.C. Dep't of Soc. Servs. v. Lisa C.*, 380 S.C. 406, 411, 669 S.E.2d 647, 650 (Ct. App. 2008) ("The trial court abuses its discretion when that decision is based upon an error of law or upon factual findings that are without evidentiary support.").

2.  Our disposition of issue two follows our ruling on issue one.  Decedent's separate, admissible statements on the Form are compelling evidence supporting Scott's position that Decedent, prior to his death, gifted or transferred co-ownership of Evie to Scott.  For these reasons, the magistrate and circuit courts erred in finding Scott presented no evidence of her co-ownership of the couple's pet.

**REVERSED.**[2]

**THOMAS, MCDONALD, and TURNER, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.